James **FLOWERS**, Petitioner-Appellant,

v.

Frank **BLACKBURN**, Warden, Louisiana State Penitentiary Angola, Respondent-Appellee.

No. 85–3214.

United States Court of Appeals, Fifth Circuit.

April 12, 1985.

Michele Gaudin, New Orleans, La., for petitioner-appellant.

William C. Credo, Asst. Dist. Atty., Gretna, La., for respondent-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

IT IS ORDERED that petitioner's motion for a stay of execution is granted pending further order of this court. The case is remanded to the district court with instructions that a statement of reasons be provided for the denial of each claim presented in petitioner's application for a writ of habeas corpus and stay of execution.

On March 6, 1985, Judge Jacob Karno of the Twenty-Fourth Judicial District Court of Louisiana reinstated the death warrant scheduling petitioner for execution on April 15, 1985. On April 11, the same day that the Louisiana Supreme Court denied petitioner all relief, an application for a writ of habeas corpus (which is petitioner's initial application for federal habeas relief) and stay of execution was filed in the District Court for the Eastern District of Louisiana asserting ten discrete grounds for relief. On April 12, the district court denied the application in what is, in effect, a three sentence order. We have repeatedly instructed the district courts in this circuit to set forth, albeit briefly and perhaps orally, the specific reasons for the disposition of a capital case even if to do so would require temporarily staying the execution. *See, e.g., Mattheson v. King,* 751 F.2d 1432, 1435 n. 5 (5th Cir.1985) ("in a capital case it is essential that a district court set forth those specific findings of fact and conclusions of law that underlie its ultimate disposition of the case"); *Willie v. Maggio,* 737 F.2d 1372, 1377 (5th Cir.1984) ("More important ... is the requirement that the district court set forth ... those specific findings of fact and conclusions of law that underlie its ultimate conclusion to grant or deny relief."). Further, Local Rule 2.14.3, promulgated by the United States District Court for the Eastern District of Louisiana, provides that an opinion of that court in any action petitioning for a stay of execution of a state court judgment "shall separately state each issue raised by the petition and rule expressly on each issue stating the reasons for each ruling made."

The reasons for our prior decisions and for the local rule are the same: the petitioner and the public are both entitled to know the reasons for the court's action. Such reasons are indispensable to effective appellate review.

Petitioner's application for a certificate of probable cause will be acted upon following receipt of the district court's reasons.

STAY GRANTED; CASE REMANDED WITH INSTRUCTIONS.