James FLOWERS, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana
State Penitentiary, Angola,
Respondent-Appellee.

No. 85–3315.

United States Court of Appeals,
Fifth Circuit.

June 18, 1985.

Michelle Gaudin, Frank DeSalvo, New Orleans, La., for petitioner-appellant.

Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., Wm. C. Credo, Asst. Dist. Atty., Gretna, La., Dorothy A. Pendergast, Asst. Dist. Atty., for respondent-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Petitioner, James Flowers, was convicted in Louisiana state court of first degree murder and was sentenced to death. After appealing his conviction and seeking collateral relief in the Louisiana courts, he filed the instant petition in the district court for habeas corpus relief under 28 U.S.C. § 2254. The district court denied all relief on April 12, 1985, and denied a certificate of probable cause to appeal. Petitioner

applied to this court for a certificate of probable cause and a stay of execution. We granted the stay and remanded the case to the district court for a statement of its reasons for denying habeas relief. *Flowers v. Blackburn,* 759 F.2d 1194 (5th Cir.1985). After the district court provided those reasons, we granted a certificate of probable cause and again remanded the case to the district court for further reconsideration. *Flowers v. Blackburn,* 759 F.2d 1195 (5th Cir.1985). On May 1, 1985, the district court again denied relief and refused to certify that there is probable cause for an appeal. Petitioner has again applied to this court for a certificate of probable cause.

■ Petitioner raised ten grounds for relief in the district court. We must grant a certificate of probable cause if, with respect to any of those grounds, "petitioner ... make[s] 'a substantial showing of the denial of [a] federal right.' " *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto,* 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)). Petitioner must demonstrate, in other words, " 'that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4 (quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga.1980)) (emphasis in original).

■ Petitioner has made such a showing with respect to at least one of his ten claims. Petitioner argues that the jury instructions from his trial impermissibly relieved the state of its burden to prove an essential element of the crime—that Petitioner had the specific intent to kill.[1] Our preliminary review of the record reveals that the trial court apparently instructed the jury properly that specific intent to kill is, in Louisiana, an essential element of the crime of first degree murder. *See* La.R.S. § 14:30. Petitioner alleges, however, that, by instructing the jury on the Louisiana law of aider and abettor liability, *see* La. R.S. § 14:24, the trial court erroneously implied that, if Petitioner assisted another in the commission of first degree murder, he was necessarily guilty of the same offense.

Petitioner correctly points out that that is not the law of Louisiana: "[U]nder R.S. 14:24, not all principals are automatically guilty of the same grade of offense. One who aids and abets in the commission of a crime may be charged and convicted with a higher or lower degree of the crime, depending on the mental element proved at trial." *State v. Holmes,* 388 So.2d 722, 726 (La.1980). Thus, the jury could have convicted Petitioner, under the law of principals, even if it believed that another person, with Petitioner's assistance, actually killed the victim. Under proper instructions, this result was possible, however, only if the jury believed that Petitioner himself acted with the specific intent to kill: "[A]n individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state." *Id.*

Petitioner argues that, under the court's instructions, the jury could have found him guilty of first degree murder even if it believed his story: that his participation in the crime was limited to assisting another to break into the victim's home and that he lacked the specific intent to kill. The district court concluded that no reasonable juror could have construed the trial court's instructions to allow this result. Our preliminary review persuades us that reasonable jurists could disagree on this point. We are aware that the trial court expressly instructed the jury that specific intent is an essential element of the crime. We are

---

**1.** This issue overlaps another of Petitioner's claims—that his death sentence violates the eighth amendment because, under the trial court's instructions, the jury may have believed that he neither killed nor intended to kill. *See Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).

concerned, however, that the instructions may permit the interpretation that the law of principals will allow the specific intent of one party to be imputed to another party who has assisted the first party in his criminal endeavor. We note particularly that the trial court's aider and abettor instruction was not accompanied by an express statement to the contrary, a factor that has played prominently in the decisions of Louisiana state courts that have rejected claims similar to Petitioner's. *See, e.g., State v. Bennett,* 454 So.2d 1165, 1185 (La.App. 1st Cir.1984); *State v. Kohler,* 434 So.2d 1110, 1119 (La.App. 1st Cir.1983). We also note that portions of the instructions imply that principals are necessarily guilty of the same offense: "[Principals are] equal offenders and [are] subject to the same punishment."

We, of course, express no opinion on how this issue should be ultimately decided. We simply think that it is worthy of plenary consideration on the merits.[2] Accordingly, IT IS ORDERED that Petitioner's application for a certificate of probable cause is GRANTED and his appeal from the district court's judgment denying habeas corpus relief is DOCKETED. The case shall be briefed and submitted for resolution according to a schedule to be announced. Of course, the stay of Petitioner's execution shall remain in effect until further order of this court.

CERTIFICATE OF PROBABLE CAUSE GRANTED; APPEAL DOCKETED.

---

**2.** Because we have determined that the related issues of the propriety of the jury instructions under Louisiana law and *Enmund* warrant a certificate of probable cause, we have not reviewed in any depth the other issues raised by Petitioner. The parties are, of course, free to brief these issues as well.