**Charles William BASS,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.**

**No. 86–2151.**

United States Court of Appeals,
Fifth Circuit.

March 11, 1986.

See also, — U.S. —, 106 S.Ct. 1390, 89 L.Ed.2d 614.

Will Gray, Carolyn Garcia, Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, POLITZ, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

On December 20, 1985, petitioner's execution was scheduled for March 12, 1986. The present successive petition for writ of habeas corpus and motion for stay of execution were filed with the district court on March 5 and were denied yesterday, March 10. Petitioner appeals these denials to us and seeks a stay. Despite his denial of the writ, the district judge granted a certificate of probable cause, indicating his belief that the petitioner had made a substantial showing of the denial of a federal right. This being so, we are obliged to—and do—address the merits of the appeal. *Barefoot v. United States,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). We have heard argument by telephonic conference on two occasions. At the first of these, held at 4:00 P.M. C.S.T. on March 10, both sides made presentations and a further hearing was scheduled for 9:30 A.M. C.S.T. on March 11, to give petitioner's counsel time to evaluate the respondent's reply to their filings. This hearing was also held, both sides giving oral presentations.

We have carefully considered the grounds advanced for relief by the petitioner, two of which attempt to assert that misconduct of one who was found by the state habeas court not to have represented petitioner at trial deprived him of effective assistance of counsel and one of which complains of a refusal of the trial court to grant a continuance. The state court also found that trial counsel rendered effective assistance. We conclude that these and other findings of the state habeas court conclusively refute petitioner's claims for relief. Such findings, unless they lack even fair support in the record, are binding upon us. *Dunn v. Maggio,* 712 F.2d 998 (5th Cir.1983). The record supports these. Nor is petitioner's reliance on *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), availing. There was no showing that Mr. Blaine, found by the court to have represented petitioner at trial, suffered from any conflict of interest, nor any attempt to show such a thing. The claim of conflict is directed at Mr. Sanders, found by the trial court not to have acted as trial counsel. This being so, *Cuyler* has no application. The order denying habeas is AFFIRMED, and the motion for stay of execution is DENIED.