Robert STREETMAN, Petitioner,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent.

Civ. A. No. B–86–388–CA.

United States District Court, E.D. Texas, Beaumont Division.

May 3, 1986.

Will Gray, Houston, Tex., for petitioner.

Paula Offenhauser, William Zapalac, Jim Mattox, Atty. Gen., State of Tex., Austin, Tex., for respondent.

## MEMORANDUM OPINION

COBB, District Judge.

On May 2, 1986, a preliminary hearing was held on the application of Robert Streetman, Petitioner, for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, his request for stay of execution, which is presently set for May 8, 1986, his application for an evidentiary hearing, for permission to proceed *in forma pauperis*, and for a certificate of probable cause. The permission to proceed *in forma pauperis* is of course granted and the remaining relief sought is denied, for the reasons hereinafter set forth.

### I.

1. On April 25, 1986, Petitioner, by and through his attorney, Mr. Will Gray, filed in this Court his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and his request for stay of execution. The entire state court record relevant to this case, which includes the transcript and statement of facts of the 1983 state trial proceedings, the motions, briefs and opinion of the Texas Court of Criminal Appeals rendered pursuant to Petitioner's direct appeal, and the transcript, statement of facts of the February 1984 state evidentiary hearing, and motions filed in and orders entered by the Texas Court of Criminal Appeals pursuant thereto, was filed with the Clerk of this Court on April 28, 1986. Respondent's answer, motion to dismiss and brief in support was received by the Court on April 29, 1986. Petitioner's Motion for Evidentiary Hearing was received by the Court on April 29, 1986.

This Court has independently and comprehensively reviewed the entire record in this cause, as well as all of the pleadings of both parties. All factual findings, conclusions of law, and the ultimate decision of this Court have been made after thorough review of Petitioner's claims assessed in light of the state trial and state habeas corpus records. *See Flowers v. Blackburn*, 759 F.2d 1194 (5th Cir.1985); *Flow-*

*ers v. Blackburn,* 759 F.2d 1195 (5th Cir. 1985).

## II.

## DENIAL OF EVIDENTIARY HEARING AND APPLICATION FOR WRIT OF HABEAS CORPUS

■ The Court in the exercise of its discretion denies Petitioner's request for an evidentiary hearing. This Court finds that Petitioner received a full, fair and adequate hearing at the February 4, 1986, state evidentiary hearing held before the Honorable Judge Earl B. Stover, presiding judge of the 88th Judicial District Court of Hardin County, Texas.

The record reflects that Petitioner filed his state habeas corpus petition and request for stay of execution at 12:20 p.m. on February 3, 1986, and presented it to Judge Stover at 1:05 p.m. (SEH 11).[1] Although the state habeas petition of 41 pages, plus attachments, shows to have been signed and sworn to on January 29, 1986, it was filed on February 3, 1986. Petitioner was given notice the afternoon of February 3, 1986, at 2:30–3:00 p.m. that the hearing would be held on February 4, 1986. (SEH 10). Petitioner's execution was scheduled to begin at 12:01 a.m. on February 6, 1986. Thus, Petitioner filed his request for relief barely 60 hours before his scheduled execution.

Judge Stover's immediate scheduling of expedited evidentiary hearing was occasioned by Petitioner's delay in presenting his claims to the state court (SEH 197), and was not calculated to deprive Petitioner of any opportunity to fully litigate his claims. When faced with Petitioner's request for a continuance of the hearing to secure additional witnesses, Judge Stover specifically inquired as to what additional witnesses Petitioner intended to present. Petitioner's limited response was that he needed additional time to procure the testimony of "lawyers who have tried capital cases based on a *hypothetical* situation" (SEH 194) (emphasis added) and who would give

their opinion as to whether trial counsel's performance met minimum constitutional standards (SEH 195). Petitioner at no time identified these witnesses to the state court, never stated what the content of the testimony would be, and at no time demonstrated the materiality of such testimony to the ineffective assistance of counsel issue. *See Mattheson v. King,* 751 F.2d 1432, 1441 n. 15 (5th Cir.1985). Nor did Petitioner do so at the May 2, 1986, pre-trial hearing before this Court, even though he was specifically asked to do so by the Court. Petitioner's asserted need for a continuance to produce these "expert" witnesses is, at best, conclusory.

At no time did the state judge deprive Petitioner of the opportunity to present any evidence specifically identified and at no time did the state court limit or restrict the scope of Petitioner's direct examination, cross-examination or argument.

In the trial context, broad discretion is traditionally accorded trial courts on matters of continuance. *Cf., Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *Fitzpatrick v. Procunier,* 750 F.2d 473, 476–77 (5th Cir.1985). A habeas corpus proceeding is even further removed in time and function. The deference owed by the federal court to the state court in the exercise of its discretion is even greater. *Cf. Milton v. Procunier,* 744 F.2d 1091, 1096 (5th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985). This is especially true where the possibility exists that a request for continuance, based on nonspecific and undeveloped challenges to a death sentence may be used as a delay tactic and a means of forcing an eleventh-hour stay of execution. *See Gray v. Lucas,* 677 F.2d 1086, 1102 (5th Cir.1982), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983). *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) allows federal courts to expedite their careful consideration of non-frivolous claims. The state courts must be accorded the same opportunity.

---

**1.** "SEH" refers to the February 4, 1986, State      Evidentiary Hearing.

Judge Stover's refusal to grant a continuance of the state evidentiary hearing was not based on an unreasonable and arbitrary insistence on expeditiousness in the face of a justifiable request for delay. No abuse of discretion has been demonstrated by Petitioner, who unreasonably delayed in pursuing his request for collateral relief until his execution was imminent and whose request for continuance was based solely on conclusory and unpersuasive evidence that counsel's performance was deficient. Additionally, Petitioner's assertions that his state evidentiary hearing was inadequate because he was without sufficient time to consult with his attorney is unpersuasive. Again, whatever time limitations were experienced by Petitioner were the result of his own delay in pursuing state collateral relief, and thus, attributable to his own inexcusable negligent or deliberate action. *Cf. Griffin v. Wainwright,* 760 F.2d 1505, 1515–17 (11th Cir.1985).

Finally, Petitioner was accorded full appellate review of his state habeas corpus proceeding by the Texas Court of Criminal Appeals, which received the full state habeas record (including the transcript of the state evidentiary hearing) on February 11, 1986, and issued its order denying relief on March 17, 1986. Petitioner does not dispute that full appellate review was accorded by the Texas Court of Criminal Appeals. He, in fact, concedes that at no time subsequent to the February 4, 1986, state evidentiary hearing and prior to the March 17, 1986, denial of state habeas corpus relief, did he ever complain to the Texas Court of Criminal Appeals that he was denied a full and fair hearing by Judge Stover, even though he had ample opportunity to do so.

Petitioner has failed to demonstrate any factual dispute which was not resolved at the state court hearing, any material fact not developed, failed to show that the fact finding procedure employed by the state court was inadequate to afford a full and fair hearing, has failed to show that he did not receive a full, fair and adequate evidentiary hearing, or that he was otherwise denied due process of law in the state court proceedings. Accordingly, the trial court's factual findings must be accorded a presumption of correctness where fairly supported by the record.

## PRESUMPTION OF CORRECTNESS

█ The factual findings made by the state court are entitled to a presumption of correctness if they are fairly supported by the evidence in the record from the trial and the 1986 evidentiary hearing. 28 U.S.C. § 2254(d); *Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Bass v. McCotter,* 784 F.2d 658 (5th Cir.) *cert. denied,* —— U.S. ——, 106 S.Ct. 1390, 89 L.Ed.2d 614 (1986). The Court finds that the record amply supports the state court's findings.

In the state court evidentiary hearing on the application for writ of habeas corpus, the only substantial claim asserted by Petitioner and his attorney concerned the ineffectiveness of counsel, and his lack of experience in recent years in this type of case, even though he had served 12 years as district attorney and had in excess of 40 years of practice of law. In the Findings of Fact at the state trial, the trial judge, Earl B. Stover, found,

> Mr. Coe is an attorney with considerable experience in criminal law, inasmuch as he was the District Attorney for Hardin County for over twelve yers. Both Mr. Coe and Mr. McNeely appear regularly in this court, and the court is of the opinion that they both are extremely able, competent attorneys.

Although this Court has not encountered Mr. McNeely prior to this case, it has been professionally acquainted with R.S. Coe for over thirty years in private practice. The statements of Judge Stover are well supported by this court's experience and knowledge of Mr. Coe's ability as a trial lawyer and his persuasive and successful efforts with Hardin County, Texas, jurors. Mr. Coe has tried several hotly contested actions where this judge was Coe's adversary. The writer does not recall more than

one case where this trial judge prevailed, or even obtained a "hung jury."

In the May 2, 1986, hearing, this Court inquired as to the issues presented to Judge Stover in the state habeas hearing, and the grounds for the relief sought:

THE COURT: And they are holding to me to at least to indicate that they have given a full view of the contentions that you are making here. That there wasn't an adequate habeas corpus opportunity or opportunity for hearing on the habeas corpus in the state court.

MR. GRAY: I don't believe that we raised that issue in the Court of Criminal Appeals, Your Honor.

THE COURT: What issue was presented?

MR. GRAY: The same issues that were stated to the state trial court as required under Article 1107 of the Texas Code of Criminal Procedure.

THE COURT: And that was the effectiveness of the trial counsel?

MR. GRAY: Yes, Your Honor.

THE COURT: That and that alone?

MR. GRAY: It was identical to the pleadings filed in the state trial court.

THE COURT: I understand what you're saying. Was it that ground alone that your urged?

MR. GRAY: *That was the primary ground, yes.*

(Pages 10 and 11) (Emphasis added)

With respect to the admissibility of Petitioner's confession, Mr. Coe testified that Petitioner had informed him that he had been warned of his rights before making his confession and that Mr. Coe's own investigation confirmed this fact. Mr. McNeely, Petitioner's other trial attorney, testified that he remembered Judge Stover making a ruling prior to trial that the confession would not be admissible. Mr. Horka, the prosecutor, testified that he recalled no such ruling, that he had the confession available for use at trial, that it was the most critical piece of evidence he had, and that he would not have proceeded to trial if the confession had been found inadmissible. Judge Stover, who presided at both the trial and the state habeas corpus evidentiary hearing, found from the evidence before him that Petitioner had been fully warned of his rights and that he explicitly and specifically waived them before making his confession. Judge Stover's familiarity with all of the proceedings in the case provides support for his express finding on the admissibility of the confession.

It was uncontradicted at the state evidentiary hearing that Petitioner's two co-defendants, Gary Holden and David Kirkendoll, were available to testify on the state's behalf. Holden was prepared to testify that Petitioner had the murder weapon in his possession when he returned from the victim's house. Kirkendoll, who was present when the murder occurred, was prepared to testify that Petitioner was the triggerman. Both of Petitioner's attorneys testified that they knew that the co-defendants were going to testify and that they knew the content of their proposed testimony. Mr. Coe testified, again without contradiction, that neither Petitioner nor his family provided him with any information that was relevant to the issue of Petitioner's guilt or innocence. Accordingly, Mr. Coe testified, and the state court found, that he adopted the following strategy: try to mitigate punishment by emphasizing the equal guilt of Petitioner's co-defendants, all of whom received significantly lighter sentences; introducing the damaging evidence himself in order to lessen its impact and to take some of the force out of the state's case; portray the victim in as bad a light as possible to lessen the jury's sympathy for her; and bring out the details of Petitioner's unfortunate past to win sympathy for him from the jury. It is abundantly clear not only from Mr. Coe's testimony, but also from a review of his actions at trial, that this was, indeed, his strategy. The state court's findings in this regard are fully supported by the record.

This Court, after independent review of all the evidence presented at the 1983 and 1986 state court proceedings, adopts the state court's determination that Mr. Coe's trial strategy was formulated after a rea-

sonable inquiry into the relevant facts and alternatives, and that such trial strategy was reasonable under the circumstances. Independently making this decision, this Court finds that Judge Stover's assessment of the strategic value of trial counsel's decision should carry great weight.

The state court judge's description and characterization of Mr. Coe's trial strategy and tactics fully comports with my assessment of the only viable and reasonable chance of the defendant's obtaining a jury verdict less than the death penalty.

## PETITIONER FAILS TO STATE ANY CLAIM WHICH WOULD ENTITLE HIM TO RELIEF AND FAILS TO DEMONSTRATE ANY FACTUAL DISPUTE WHICH CANNOT BE RESOLVED ON THE BASIS OF THE RECORD BEFORE THE COURT.

### THE STANDARD OF REVIEW

■ To be entitled to a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief. *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir.), *cert. denied*, 465 U.S. 1075, 104 S.Ct. 1432, 79 L.Ed.2d 755 (1984), *Rutledge v. Wainwright*, 625 F.2d 1200, 1205 (5th Cir.1980), *cert. denied*, 450 U.S. 1033, 101 S.Ct. 1746, 68 L.Ed.2d 229 (1981). No hearing is required where the petitioner alleges only conclusory allegations. *Mattheson v. King*, 751 F.2d 1432, 1448 (5th Cir.1985); *Celestine v. Blackburn*, 750 F.2d 353, 358 (5th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 3490, 87 L.Ed.2d 624 (1985). Nor is a hearing required where the record is complete and the evidence presented in the record is sufficient to provide full review of the petitioner's claim. *Skillern v. Estelle*, 720 F.2d 839, 850–51 (5th Cir.1983), *cert. denied*, — U.S. —, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984); *Baldwin v. Maggio*, 704 F.2d 1325, 1327–28 (5th Cir.1983), *cert. denied*, 467 U.S. 1220, 104 S.Ct. 2669, 81 L.Ed.2d 374 (1984). Moreover, a federal district court need not hold an evidentiary hearing where doing so would not produce further evidence in support of specific non-conclusory allegations. *Celestine v. Blackburn*, 750 F.2d at 358. Unless the habeas corpus petitioner alleges with specificity a claim upon which relief can be granted and demonstrates that his state hearing was not a full, fair or adequate hearing for any of the eight reasons listed in 28 U.S.C. § 2254(d), the decision whether to hold an evidentiary hearing is discretionary with the district court. *Daigre v. Maggio*, 705 F.2d 786, 787–88 (5th Cir.1983).

■ Petitioner alleges for the first time in this Court that his attorney was ineffective for failing to fully investigate the circumstances surrounding the taking of his confession and other custodial statements. He asserts in conclusory terms that his confession and statements concerning extraneous offenses were the result of threats, intimidation, and promises by members of the Hardin County Sheriff's Department. He claims that if his attorney had conducted a full investigation, he would have had grounds for excluding the confession and the extraneous offenses. All of the allegations made by Petitioner in this regard concern information that was known to Petitioner at the time of the state evidentiary hearing. Petitioner was available to testify at that hearing but elected not to do so. Petitioner also did not inform the state trial court of the existence of this testimony or of the need to develop it. Any failure to present this evidence prior to filing the petition in this Court is solely the result of Petitioner's decision not to offer it.

Even if it were the case that Petitioner could not have raised these new contentions in the state court proceedings, his new claims do not raise facts that would entitle him to relief.

Mr. Coe, Petitioner's attorney at trial, testified that Petitioner repeatedly told him that he was guilty, that he had been completely warned before making his statements to the police, that he had made the statements freely without threats or promises, that he had been well treated by the authorities, and that he would so testify if

put on the witness stand. Mr. Coe further testified that he interviewed several of Petitioner's family members, none of whom had any information that would have helped him attack the admissibility of Petitioner's confession and statements. Additionally, Petitioner told Mr. Coe that he did not want his family members involved in the trial. (SEH 34, 71). *Compare Autry v. McKaskle,* 727 F.2d 358, 360–61 (5th Cir.), *cert. denied,* 465 U.S. 1090, 104 S.Ct. 1462, 79 L.Ed.2d 909 (1984). At no time, either in his recitation of the circumstances surrounding the taking of his confession or at the pretrial hearing in this Court on May 2, 1986, has Petitioner challenged the accuracy of Mr. Coe's testimony or denied that he made the statements attributed to him. Because the reasonableness of an attorney's actions "may be determined or substantially influenced by the defendant's own statements or actions," *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), Petitioner's new allegations of what he might have known but did not reveal to counsel are not material to the Court's evaluation of counsel's performance. Petitioner is not entitled to relief on the basis of the new allegations contained in his petition for federal habeas corpus relief.

### III.

### PETITIONER'S ALLEGED GRIGSBY VIOLATION IS WHOLLY CONCLUSORY

Petitioner's claimed violation of *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir.), *cert. granted sub. nom., Lockhart v. McCree,* — U.S. —, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985), is wholly conclusory. Petitioner has failed to specifically identify any venireman who was excused by the state because of his views against the death penalty or present any record evidence to support his contentions. His claim fails to rise to constitutional dimensions. *Schlang v. Heard,* 691 F.2d 796 (5th Cir.), *cert. denied,* 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983). In fact, in the hearing on May 2, 1986, Mr. Will Gray, representing Petition-

er, stated to the Court, "... [T]he *Lockhart* issue, which in my opinion is not even in the case." (p. 11, lines 4 and 5).

### IV.

### DENIAL OF CERTIFICATE OF PROBABLE CAUSE TO APPEAL STANDARD OF REVIEW

■ 1. *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), holds that to be entitled to a certificate of probable cause to appeal, a federal habeas petitioner must make a substantial showing of a denial of a federal right. To make such a showing, Petitioner must demonstrate " 'that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Flowers v. Blackburn,* 764 F.2d 276, 277 (5th Cir.1985), citing *Barefoot,* 463 U.S. at 893, n. 4, 103 S.Ct. at 3394 n. 4 (emphasis in original).

2. Petitioner has failed to make such a showing. His claim of ineffective assistance of counsel involves nothing more that the application of the now well-established standard of review enunciated in *Summer v. Mata, supra,* and *Strickland v. Washington, supra,* and their progeny to the particular facts of this case. This Court has carefully reviewed Petitioner's claims under the appropriate standard and has found the state court's findings as to Mr. Coe's trial strategy to have more than fair support in the record. There can be no debate among jurists of reason that the trial court's factual determinations are, under the circumstances presented by this case, entitled to a presumption of correctness. Nor can there be any debate that the *Strickland* standard controls resolution of the issue.

### CONCLUSION

This case was tried in Kountze, Hardin County, Texas, and the trial strategy of a competent, wily, experienced lawyer of over 30 years' experience, 12 as district

attorney of that county, did not achieve the result sought, and the death penalty was imposed. The Court of Criminal Appeals, *in banc*, with Judge Marvin Teague writing for a unanimous Court, affirmed the verdict of conviction and the imposition of the death penalty. 698 S.W.2d 132.

Thereafter, on February 4, 1986, Petitioner was accorded a full evidentiary hearing upon his state habeas corpus application. The Court, *en banc*, denied the application for the writ on March 17, 1986, Teague, J., dissenting.

It is the considered view of this Court that Streetman has had a full and adequate hearing on his original appeal, his state habeas application and hearing, and the review of that hearing by the Court of Criminal Appeals *en banc*, and this Court is correct in its denial of his application for habeas relief, his request for an evidentiary hearing and his request for a certificate of probable cause.

It is so ORDERED.