**Leon Rutherford KING,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 86–2006
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 30, 1986.

Ken J. McLean, Houston, Tex., for petitioner-appellant.

Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

The petitioner, Leon Rutherford King, was convicted in a Texas state court of first degree murder and sentenced to death. After exhausting his state remedies, King filed a petition for federal habeas relief. In a one-sentence order, the district court denied King's petition. In a separate order, the court issued a certificate of probable cause to appeal. We remand the case to the district court with instructions that a statement of reasons be provided for the denial of each claim presented in King's petition for a writ of habeas corpus.

"We have repeatedly instructed the district courts in this circuit to set forth, albeit briefly and perhaps orally, the specific reasons for the disposition of a capital case even if to do so would require temporarily staying the execution." *Flowers v. Blackburn*, 759 F.2d 1194, 1195 (5th Cir.1985). *See, e.g., Mattheson v. King*, 751 F.2d

---

518

1432, 1435 n. 5 (5th Cir.1985) ("in a capital case it is essential that a district court set forth those specific findings of fact and conclusions of law that underlie its ultimate disposition of the case"), *cert. dismissed,* —— U.S. ——, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986); *Willie v. Maggio,* 737 F.2d 1372, 1377 (5th Cir.1984) ("More important, however, particularly in a capital case, is the requirement that the district court set forth ... those specific findings of fact and conclusions of law that underlie its ultimate conclusion to grant any relief"). Further, Local Rule 21 of the United States District Court for the Southern District of Texas provides that an opinion of that court in any action petitioning for a stay of execution of a state court judgment "shall separately state each issue raised by the petition and rule expressly on each issue stating the reasons for each ruling made." In a case such as this, where an execution date has not been set and, thus, not even a temporary stay of execution is involved, we can perceive no justification, and the district court has stated none, for its failure to follow the mandates of its Local Rule. Both the petitioner and the public are entitled to know the reasons for the court's action. Furthermore, such reasons are indispensable to effective appellate review. *Flowers,* 759 F.2d at 1195.

Accordingly, this case is remanded to the district court with instructions that a statement of reasons be provided for the denial of each claim presented in King's petition for a writ of habeas corpus.

REMANDED WITH INSTRUCTIONS.