**Charles MILTON, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 85–1401.**

United States Court of Appeals, Fifth Circuit.

June 24, 1985.

Richard Alley, Fort Worth, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen. of Tex., Paula C. Offenhauser, Austin, Tex., for respondent-appellee.

Before BROWN, TATE, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Charles Milton files this his second federal habeas attack upon his Texas state court conviction for capital murder and resulting death sentence from which he seeks a stay of execution. In Milton's first habeas trip, we set out the procedural history of his case:

> Milton was convicted of capital murder by a Fort Worth jury which then answered the three death penalty questions required by Article 37.07(b), Tex.Code Crim.Proc.Ann. The conviction and sentence were affirmed by the Court of Criminal Appeals of Texas. *Milton v. State*, 599 S.W.2d 824, 825 (Tex.Crim. App.1980) (en banc). The Supreme Court denied certiorari. *Milton v. Texas*, 451 U.S. 1031, 101 S.Ct. 3022, 69 L.Ed.2d 400 (1980), *reh'g denied*, 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1006 (1981). With execution scheduled for September 15, 1981, Milton on September 8 simultaneously filed petitions for writs of habeas corpus and stays of execution with the 213th Judicial District Court of Tarrant County, Texas and the Court of Criminal Appeals of Texas. The state habeas courts denied relief without an evidentiary hearing and Milton sought similar relief from the United States District Court in Fort Worth, Texas, which, without hearing or opinion, granted a stay of execution.

The district court adopted certain of a magistrate's findings, held an evidentiary hearing with regard to others, and then denied all relief. The district court later denied a certificate of probable cause. On March 2, 1984, it formally vacated the stay first granted in September, 1981. Milton's execution was set for May 5, 1984 and we issued a stay on April 25, 1984.

On October 10, 1984, we affirmed Judge Mahon's denial of Milton's habeas petition. *Milton v. Procunier*, 744 F.2d 1091, *reh'g denied*, 750 F.2d 69 (5th Cir.1984). The Supreme Court denied certiorari, —— U.S. ——, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985), and Milton's execution was scheduled again, for June 25, 1985, fewer than two hours from this writing. Milton filed petitions for writs of habeas corpus today before Judge Tom Cave, the state judge who presided over his jury trial, the Texas Court of Criminal Appeals and the District Court.

## I

All courts below have denied Milton's petition without a hearing, rejecting the first five arguments now made to this court. Milton argues:

  I. There is insufficient evidence to support the Jury's affirmative answer to Special Verdict No. 1.

 II. There is insufficient evidence to support the Jury's affirmative answer to Special Verdict No. 3.

III. Denial of effective assistance of counsel at the punishment phase of his trial.

 IV. Applicant was denied effective assistance of counsel in failing to submit lesser included offenses at the guilt phase of the trial.

  V. Denial of effective assistance of counsel during voir dire.

 VI. Venireman Billy Morris was excluded contrary to *Adams v. Tex-*

*as*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

## II

Milton has presented in points I, II, and III the same arguments presented to us in his first habeas petition. Rule 9(b), 28 U.S.C. § 2254 provides that: "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits...." Petitioner's claims I, II, and III have been adjudicated and we find nothing in the interest of justice to require that we today reexamine our earlier denial.

## III

As in his first habeas petition, Milton argues that he was denied effective assistance of trial counsel. In his first petition, Milton contended that his counsel was ineffective at the punishment phase of his trial in failing to call witnesses or otherwise to develop his mitigation case. He now argues that the trial counsel was ineffective at the guilt stage in not requesting that the state trial judge instruct the jury as to lesser included offenses assertedly presented by the facts.[1]

In making this argument, Milton makes no claim that his prior habeas counsel was ineffective. He is thus chargeable with the knowledge of his competent habeas counsel. *Jones v. Estelle*, 722 F.2d 159 (5 Cir.1983) (en banc). No suggestion is made that the failure to raise this variation of ineffective assistance of counsel in the prior petition is excusable. Accordingly, this claim must be denied for writ abuse. *Id.* We are comforted in resting on writ abuse in this late hour petition by the inescapable conclusion that Milton could not have been prejudiced by this claimed omission. The fact is that the jury rejected the opportunity to convict Milton of non-capital murder. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]

---

**1.** This point is numbered V in the body of the handwritten petition.

**2.** We also are not persuaded that such would be an error "so serious that counsel was not func-

## IV

In affirming the denial of Milton's first federal habeas petition we rejected his argument that his constitutional rights to counsel and due process were denied by the district court's refusal to allow his counsel to question veniremen about their understanding of the terms "deliberately," "probability" and "criminal acts of violence." Milton's effort to now label this rejected error as ineffectiveness of counsel adds nothing. His counsel preserved the earlier point for review and it was rejected.

## V

Immediately after denial of the writ by the Texas Court of Criminal Appeals, at approximately 10:00 p.m., petitioner Milton asserted a new and additional argument with the United States District Court. As best we understand the argument as read to us by the district court by telephone, it is that venireman Billy Morris was excluded from jury service for refusal to take the oath prescribed by Article 12.31 b of the Texas Penal Code. If true, such would constitute a violation of *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

In our earlier opinion, we rejected an *Adams* argument relating to certain instructions given to the jury panel. In making that argument Milton did not contest the State's representation that no jurors were excluded for the sole reason that they refused to take the Texas oath. Then in Milton's motion for stay of mandate pending application for certiorari, filed November 26, 1984, he stated that "this court held that since the jurors were not excluded as in *Adams,* there had been no violation of the defendant's constitutional rights." At no time did he assert that a juror was excluded for refusal to take the oath. Thus, this last hour assertion is contrary to previous representations made to this court. Ultimately, it founders as an abuse of the writ for the reason that no

attack has been launched upon Milton's prior habeas counsel, and under our holding under *Jones v. Estelle,* 722 F.2d 159 (5th Cir.1983), Milton is charged with knowledge of his habeas counsel and no excuse for not presenting the argument in the first habeas petition has been shown.

More significantly, however, the transcript of the actual proceeding has been read to us by telephone. That transcript reflects, as found by the district court below and presumably by the original state trial judge, that venireman Billy Morris was excluded properly because he was unable to follow the law. Thus his exclusion was *not* a violation of *Adams. See* 448 U.S. at 51, 100 S.Ct. at 2529. Morris stated in response to questions by Judge Cave that he would have to answer "no" to one or more of the death questions because of his personal conviction that life was the most appropriate punishment. Such a response does not implicate *Witherspoon* as read by the United States Supreme Court in *Wainwright v. Witt,* —— U.S. ——, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). Moreover, under *Witt,* the trial court's exclusion is accorded the 2254(d) presumption if "fairly supported by the record." *Id.* 105 S.Ct. at 857.

## VI

In sum, we find no constitutional question concerning the validity of Charles Milton's conviction and sentence of death about which reasonable jurists could differ. We deny the application for stay of execution, deny a certificate of probable cause, and affirm the denial of Milton's petition for writ of habeas corpus.

---

tioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 104 S.Ct. at 2064. Judge Tate would decide this

point on its absence of merit and not on abuse of the writ.