**Elliott Rod JOHNSON**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections and Jerry Peterson, Warden, Ellis Unit, Texas Department of Corrections.**

**Civ. A. No. B–85–1624–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

May 23, 1986.

Sam E. Dunn, Dunn and Kelley, Orange, Tex., for petitioner.

Jim Mattox, Atty. Gen. of Texas, Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondents.

## MEMORANDUM OPINION

COBB, District Judge.

The petitioner was indicted and convicted of capital murder for killing of Joe Angel Granado while in the course of committing or attempting to commit the offense of armed robbery. In the bifurcated trial as required by Art. 37.071, TEX.CODE CRIM. PROC.ANN. (Vernon 1981), the defendant was found guilty, and the punishment hearing was held, at which the sentence of death was assessed. The petitioner appealed both his conviction and the imposition of the death sentence. An appeal to the Court of Criminal Appeals for the State of Texas affirmed the conviction and the death sentence. *Johnson v. State*, 691 S.W.2d 619 (Tex.Crim.App.1985). Petition for writ of certiorari to the Supreme Court of the United States was denied on October 7, 1985 *Johnson v. Texas*, —— U.S. —— 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

On December 3, 1985, the petitioner filed his application for stay of execution and writ of habeas corpus in this court. A stay of execution was granted by this court on that very day. Subsequently, the respondent filed its motion for summary judgment. This is the posture of the case before the court.

This court, after comprehensively reviewing the entire record and pleadings in this cause, finds that many of the points raised by the petitioner have been resolved

against him, or fail to state a claim under federal habeas corpus law because they are conclusory. However, the court must fully consider and dispose of each distinct and separate point raised by the petitioner. *See Flowers v. Blackburn,* 759 F.2d 1194 (5th Cir.1985); *Flowers v. Blackburn,* 759 F.2d 1195 (5th Cir.1985).

■ The petitioner contends that the death penalty is disportionately severe and excessive punishment in violation of the United States Constitution, and is an excessive and unjustifiable means of achieving a legitimate governmental end. Both of these issues have been previously resolved by the Supreme Court of the United States. *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Moreover, the constitutionality of the Texas capital sentencing statutes were expressly upheld by the Supreme Court in *Jurek v. Texas,* 428 U.S. at 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976).

■ The petitioner further contends that the jury was precluded from considering mitigating circumstances, that the death sentence is arbitrarily, capriciously, and wantonly applied in Texas, and that the death penalty is discriminatorily applied in Texas against defendants of minority extraction. These assertions made by the petitioner are conclusory, and have not been substantiated by any evidence. Therefore, they fail to state any claim cognizable under federal habeas corpus law. *See Schlang v. Heard,* 691 F.2d 796 (5th Cir.1982), *cert. denied,* 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983); *Woodard v. Beto,* 447 F.2d 103 (5th Cir.1971), *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971); and *Prejean v. Blackburn,* 743 F.2d 1091 (5th Cir.1985).

■ Further, Petitioner alleges that death by intravenous injection constitutes cruel and unusual punishment. This contention has been resolved against petitioner by the Fifth Circuit in *O'Bryan v. McKaskle,* 729 F.2d 991 (5th Cir.1984), *stay denied,* 466 U.S. 918, 104 S.Ct. 1698 (1984).

Petitioner's challenges to the state's use of extraneous offenses at the punishment phase were also resolved against him by the Fifth Circuit in *Milton v. Procunier,* 744 F.2d 1091 (5th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985).

■ Petitioner's arguments that the exclusion of veniremen with conscious objections to the death penalty denied him due process, denied him a jury representing a fair cross section of the community; denied him a jury that was impartial; and denied him a jury reflecting contemporary standards of decency in the assessment of the death penalty have now been conclusively resolved adversely to petitioner by the Supreme Court of the United States in *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 1758, 90 L.Ed.2d 137, Opinion (1986). This argument has also been consistently resolved against the petitioner's position by the Fifth Circuit *See Wicker v. McCotter,* 783 F.2d 487, (5th Cir.1986).

■ The petitioner's final claim is that he received ineffective assistance of counsel at his trial. The Supreme Court has established a standard for evaluating claims of ineffective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court stated:

> That the bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

The petitioner under the *Strickland* test must show that counsel was deficient *and* that this deficient performance prejudiced the defense. The petitioner has failed to establish either prong of the *Strickland* test.

■ Petitioner maintains that his counsel was ineffective because counsel did not submit to the jury an instruction of the voluntariness of his confession. As the Texas Court of Criminal Appeals noted, defense counsel attempted to suppress the confession at a *Jackson v. Denno,* 378 U.S.

368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) hearing. The trial court found the confession to be voluntary. Petitioner is not entitled as a matter of constitutional law to have the jury decide the voluntariness of the confession anew. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

 He also asserts counsel was ineffective for failing to request a definition of the term "probability." Under state law he is not entitled to such a definition and therefore no constitutional claim arises. *Esquivel v. McCotter*, 777 F.2d 956 (5th Cir.1985).

His claim that trial counsel was ineffective for failing to object to the use of extraneous offenses at the punishment phase is without merit. The use of such offenses is constitutionally permissible, *Milton v. Procunier*, 744 F.2d 1091 at 1097, therefore, and objection on this basis would be fruitless.

Petitioner faults counsel for failing to produce psychiatric testimony at the punishment phase of trial that long-term predictions of future dangerous conduct by the defendant are unreliable. The record reflects that at the punishment phase, counsel presented as a defense petitioner's good reputation in the community while cross-examining the state's witness as to the extraneous offenses. Counsel, in presenting psychiatric evidence that long-term predictions of future dangerousness are unreliable, faces the danger that such testimony opens the door for the state to counter with expert testimony that such predictions can be reliably made. Thus, it was trial counsel's strategic decision to prevent such testimony from state's witness. The petitioner has not overcome the presumption that under the circumstances the failure to introduce such testimony is or could be considered sound trial strategy. *Strickland v. Washington, supra.*

Finally, petitioner claims that trial counsel either agreed to or failed to object to the dismissal of veniremen with scruples against the imposition of the death penalty. Both veniremen dismissed indicated their views on the death penalty would substantially impair their ability to function as jurors in a capital case. Therefore, their exclusion was proper under *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1984), and no deficiency of counsel's performance can be shown.

The petitioner has not shown any error by his counsel which rendered counsel's performance so deficient as to undermine the adversarial process or to deny petitioner the "counsel" guaranteed him by the 6th Amendment. Further, no error claimed by the petitioner is so prejudicial that it raises with a reasonable probability a question concerning the reliability of the determination concerning the conviction or the penalty assessed.

It is therefore, ORDERED, ADJUDGED and DECREED that the petitioner's application for habeas corpus be in all things DENIED, and the stay of execution entered by this court on December 3, 1985, be, and is hereby DISSOLVED.