**Elliott Rod JOHNSON, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Jerry Peterson, Warden, Ellis Unit Texas Department of Corrections, Respondents-Appellees.**

No. 86–2404.

United States Court of Appeals, Fifth Circuit.

July 18, 1986.

Dunn & Kelley, Sam Dunn, Orange, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Paula C. Offenhauser, Asst. Atty. Gen., for respondents-appellees.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This cause is on appeal from an order of the district court denying an initial request for federal habeas corpus relief to Elliott Rod Johnson. Johnson has filed an application in this court for an original writ of habeas corpus, a stay of execution and leave to proceed in forma pauperis. We pretermit a ruling on the application for habeas corpus but grant the stay and certificate of probable cause to appeal.

Johnson was convicted of capital murder for the killing of Joe Angel Granado while in the course of committing or attempting to commit the offense of armed robbery. At the punishment phase of his trial, the death sentence was imposed. The Texas Court of Criminal Appeals affirmed the conviction and sentence. *Johnson v. State*, 691 S.W.2d 619 (Tex.Crim.App.1984). Petition for writ of certiorari to the Supreme Court of the United States was denied on October 7, 1985. *Johnson v. Texas*, — U.S. —, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

On December 3, 1985, Johnson filed an application for stay of execution and writ

of habeas corpus in the district court. A stay of execution was granted. Upon review of the record and pleadings, the district court issued a memorandum opinion on May 23, 1986, 635 F.Supp. 685. The opinion carefully dealt with each of Johnson's contentions under the law of the Supreme Court and this Circuit as it existed at that time.

Since that time, however, the Supreme Court has granted a petition for writ of certiorari in *McCleskey v. Kemp*, —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737. The writ was limited to five of the questions presented by the petition, all of which relate to Johnson's contention in the present case that the death penalty in Texas has been discriminatorily imposed against defendants of ethnic minority extraction, poor perons, males, and defendants accused of killing caucasians. The full meaning of the grant of certiorari in *McClesky* is opaque. However, it is sufficient to create a question as to the continued viability of this court's prior ruling in *Evans v. McCotter*, 790 F.2d 1232 (5th Cir.1986) and *Prejean v. Maggio*, 765 F.2d 482 (5th Cir.1985). That question is one this court should examine to determine whether it is now debatable among jurists of reason that this court could resolve the issue in a different manner. *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3383, 3394, n. 4, 77 L.Ed.2d 1090 (1983).

We need not decide whether we would grant a certificate of probable cause and stay of execution based solely on the Supreme Court's action in *McClesky* because, in addition, Johnson presented a document to this court which called the court's attention to alleged errors clearly delineated in the trial record with regard to an instruction given by the trial court, the text of which is set out below. Although framed as a challenge that the court's action constituted a constructive amendment of the indictment, Johnson's argument clearly presents the issue dealt with by the Supreme Court in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). *Enmund* held that the Eight Amendment forbids imposition of the death

penalty on one who "aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." *Id.* at 797, 102 S.Ct. at 3376.

The trial judge charged the jury in the guilt phase of Johnson's trial that a person commits murder if he intentionally or knowingly causes the death of an individual and that he commits capital murder if he commits murder and he intentionally commits the murder in the course of committing or attempting to commit robbery. But, he went on in that same guilt phase to instruct the jury that:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, then all conspirators are guilty of the felony actually committed, *although having no intent to commit it,* if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy. (Emphasis supplied)

That instruction, objected to by Johnson at trial, directly contradicts the first two instructions in that it would permit the jury to convict for murder without finding the element of intent. This inconsistency was pointedly developed before the trial jury by the final guilt-phase arguments of counsel for defendant and the State. Whether this contradiction constitutes an *Enmund* error or was corrected in the penalty portion of the trial through the jury interrogatory requirements of the Texas capital sentencing scheme is unclear to this court and is another ground upon which we grant Johnson a certificate of probable cause to appeal and stay the execution.

The respondents contend that this issue was not raised in the district court and therefore we may not consider it in connection with the present motion. This is not entirely correct. The matter was expressly raised at Johnson's trial, as stated above. It was not mentioned in the opinion of the

Texas Court of Criminal Appeals, and was not dealt with by the district court. The application we consider today is more than a request to review the decision of the district court. It independently asserts that Johnson is about to be put to death as a result of a legal proceeding conducted contrary to the Constitution of the United States. We recognize that comity principles of exhaustion could affect whether the issue will be dealt with at this time, but that remains to be decided if failure to exhaust is urged by the State. The procedural posture of the matter before us requires that we act now to grant a part of the relief sought.

The certificate of probable cause to appeal is granted. O.L. McCotter, Director of the Texas Department of Corrections and Jerry Peterson, Warden, Ellis Unit, Texas Department of Corrections are ordered to stay the execution of Elliott Rod Johnson, now scheduled for dawn on July 23, 1986, pending further order of this court. We pretermit all other issues which may be raised on appeal.

CERTIFICATE OF PROBABLE CAUSE AND STAY OF EXECUTION GRANTED.