**Elliott Rod JOHNSON,**
**Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Jerry Peterson, Warden, Ellis Unit Texas Department of Corrections, Respondents-Appellees.**

No. 86–2404.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1986.

Dunn & Kelley, Sam Dunn, Orange, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

Elliot Rod Johnson appeals to this court from the district court's denial of federal habeas corpus relief. We affirm the denial of relief and dissolve the stay of execution issued by this court.

Johnson was convicted of capital murder for the killing of Joe Angel Granado while in the course of committing or attempting to commit the offense of armed robbery. He was sentenced to death at the punishment phase of the trial. The Texas Court of Criminal Appeals affirmed the conviction and sentence. *Johnson v. State*, 691 S.W.2d 619 (Tex.Crim.App.1984). Petition for a writ of certiorari to the United States Supreme Court was denied on October 7, 1985. *Johnson v. Texas*, — U.S. —, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). On December 3, 1985, Johnson filed an application for stay of execution and writ of habeas corpus in the district court. A stay of execution was granted. On May 23, 1986, the district court entered a final order and issued a memorandum opinion denying Johnson's application for habeas relief and dissolving the stay of execution. *Johnson v. McCotter*, 635 F.Supp. 685 (E.D.Tex.)

Johnson then filed in this court an application for an original writ of habeas corpus, a stay of execution, and leave to proceed in forma pauperis. We pretermitted a ruling on his application, but granted the stay and a certificate of probable cause to appeal. *Johnson v. McCotter*, 794 F.2d 1011 (5th Cir.1986).

Johnson appeals on two grounds. First, he contends that the death penalty is discriminatorily imposed in Texas against black defendants convicted of killing a person of a different race. Second, Johnson argues that the trial court's instructions in the guilt and sentencing phases of the trial allowed the jury to sentence him to death without first finding that Johnson himself killed, attempted to kill, or intended to kill anyone.

■ This court granted Johnson a certificate of probable cause to appeal and stay of execution in part because we were uncertain about the effect of the Supreme Court's grant of certiorari in *McCleskey v. Kemp*, 753 F.2d 877 (11th Cir.1985) (en banc), *cert. granted*, — U.S. —, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986). *McCleskey* raises the issue of discriminatory imposition of the death penalty on blacks convicted of killing whites. Since that time, however, this court has determined that the grant of certiorari in *McCleskey* is not a sufficient ground to grant a defendant a stay of execution. *Wicker v. McCotter*, 798 F.2d 155 (5th Cir.1986). *But see Watson v. Blackburn*, 798 F.2d 872, 872 (5th Cir.1986) (Johnson, J., dissenting). We are bound by the law of our Circuit. We deny Johnson's application for a stay of execution pending the Supreme Court's decision in *McCleskey*.

■ Johnson's second contention presents the issue dealt with by the Supreme Court in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). *Enmund* held that the Eighth Amendment forbids imposition of a death sentence on one who "aids and abets a felony in the course of which a murder is committed by others, but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." *Id.* at 797, 102 S.Ct. at 3376.

During the guilt phase of Johnson's trial, the trial judge instructed the jury as follows:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, then all conspirators are guilty of the felony actually committed, although having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the conspiracy.

Johnson objected to this instruction at trial.

This court granted Johnson a certificate of probable cause to appeal the issue of whether this instruction constitutes an *Enmund* error or whether it was corrected in the sentencing phase of the trial. *Johnson*, 794 F.2d at 1012.

The state urges that this *Enmund* issue was not presented to the district court and is raised for the first time on appeal. As we noted in our previous consideration of this claim, *Johnson,* 794 F.2d at 1012–13, this contention is not entirely correct since Johnson did in fact object at trial. It is true that neither the United States district court nor the Texas Court of Criminal Appeals dealt with the *Enmund* issue. Because the circuit has recently and definitively dealt with this issue, we pretermit any determination of whether Johnson has fully exhausted this argument or has properly preserved the issue for appeal and reach the merits.

This court has held that *Enmund* prohibits "the execution of a person for the uncontemplated ... act of an accomplice in the course of committing a non-capital felony...." *Skillern v. Estelle,* 720 F.2d 839, 846 (5th Cir.1983), *cert. denied,* 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). *Enmund* does not affect the state's ability to define the substantive offense of capital murder. *Id.* at 847. *See also Cabana v. Bullock,* —— U.S. ——, 106 S.Ct. 689, 696, 88 L.Ed.2d 704 (1986) (approving Fifth Circuit's interpretation of *Enmund* ).

During the punishment phase of Johnson's trial, the court submitted to the jury the following special issue:

> whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result....

The jury answered this issue in the affirmative.

The issue Johnson raises is controlled by our decision in *Skillern,* 720 F.2d at 848. *Skillern* involved the identical special issue at the sentencing phase of a Texas capital murder trial, and this court found no *Enmund* violation. We deny Johnson's application for relief on this ground.

The judgment appealed from is affirmed. The stay of execution previously issued by this court is dissolved. The application for a further stay of execution pending the Supreme Court's decision in *McCleskey* is denied.

AFFIRMED, Previous Stay Dissolved, Further Stay DENIED.