Elliot Rod JOHNSON

v.

James LYNAUGH, Director, Texas
Department of Corrections.

Civ. A. No. B–87–0723–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

June 23, 1987.

Elliott Rod Johnson, pro se.

Paula Offenhauser, Asst. Atty. Gen., Jim Mattox, Atty. Gen., State of Texas, Austin, Tex., for defendant.

## MEMORANDUM AND ORDER

COBB, District Judge.

### I.

Elliott Rod Johnson was convicted of capital murder for the killing of Joe Angel Granado while in the course of committing or attempting to commit the offense of armed robbery. He was sentenced to

death at the punishment phase of the trial. His conviction and sentence were affirmed by the Texas Court of Criminal Appeals, 691 S.W.2d 619 (Tex.Crim.App.–1984). Petition for a writ of certiorari to the United States Supreme Court was denied, *Johnson v. Texas,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). On November 27, 1985, Johnson filed an application for writ of habeas corpus, and application for stay of execution in both the state convicting court and the Texas Court of Criminal Appeals. The state convicting court recommended denial of the application of November 27, and both were denied by the Court of Criminal Appeals December 3, 1985. *Ex parte Johnson,* Application No. 15,512.

Next, Johnson filed an application for stay of execution and writ of habeas corpus in this United States District Court on December 3, 1985, the eve of his scheduled execution, and the stay was granted. May 23, 1986, this court entered its order denying the petitioner's first petition for habeas corpus, and dissolved the stay of execution. 635 F.Supp. 685 (E.D.Tex.1986). The United States Court of Appeals for the 5th Circuit granted a stay of execution and certificate of probable cause to appeal, over the state's opposition, noting that the Supreme Court had granted certiorari in *McClesky v. Kemp,* —— U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), and questioning the sentence of death for one charged as a non-triggerman. *Johnson v. McCotter,* 794 F.2d 1011 (5th Cir.1986). On appeal, Johnson challenged his sentence only on the two claims discussed in the Fifth Circuit's grant of certificate of probable cause. The denial of habeas corpus relief on those two grounds was affirmed on November 12, 1986, and no rehearing was sought. *Johnson v. McCotter,* 804 F.2d 300 (5th Cir.1986).

The stay of execution was vacated by the Fifth Circuit in the written opinion and, upon the state's motion to issue the mandate forthwith, the mandate issued on December 2, 1986. On January 8, 1987, Johnson's execution was rescheduled for February 11, 1987.

Johnson filed an application for stay and petition for writ of certiorari in the United States Supreme Court six days before his scheduled execution. A stay of execution was granted by Justice White, acting as Circuit Justice to the Fifth Circuit, on February 10, 1987, pending the final disposition of the certiorari petition. *Johnson v. Lynaugh,* —— U.S. ——, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987). Certiorari was denied on May 4, 1987, and the stay of execution terminated automatically. *Johnson v. Lynaugh,* —— U.S. ——, 107 S.Ct. 1988, 95 L.Ed.2d 827 (1987).

Johnson's execution was subsequently scheduled for June 24, 1987. He now comes to this court, purportedly appearing *pro se,* less than 40 hours before his scheduled execution.[1]

Almost simultaneously, Johnson filed an application for stay of execution and petition of habeas corpus relief in the state convicting court. That court denied the same, filing Findings of Fact and Conclusions of Law. (See Exhibit B, State's response to Johnson's application in this court). Johnson lodged an immediate appeal of the convicting court's ruling with the Texas Court of Criminal Appeals. On June 23, 1987, at approximately 10:00 a.m., this court has been informed that the Court of Criminal Appeals denied all relief requested (See Appendix A attached hereto.)

Johnson's motion to proceed *in forma pauperis* is GRANTED.

---

**1.** This court notes footnote 2 of the state's response concerning the last minute filing of this *pro se* petition for habeas corpus and application for stay of execution. Late on the afternoon of June 22, 1987, Mr. James Rebholz and this judge conferred by telephone concerning this matter. Although Johnson signed the application June 16, 1987, it was not filed until June 22, 1987. Mr. Rebholz told this court that he had personally written the application and petition in his own handwriting, but gave no satisfactory reason or excuse for holding it for six days prior to filing. The court is of the opinion that such conduct by a member of the bar of this Circuit is deplorable. Although invited to appear in the court's chambers on June 23, 1987, he stated he saw no need to do so, and did not appear.

## II. CONTENTIONS

In his present application Johnson raises the following new challenges to his conviction and sentence:

1. The prosecutor commented on his right to remain silent at both the guilt and punishment phases of his trial (Petition at 17–18).

2. The prosecutor engaged in improper prosecutorial argument calculated to inflame the jury and to shift the burden of proof to the defendant (Petition at 18–21).

3. The state violated his right to due process by refusing to appoint a special prosecutor (Petition at 21–22).

4. The state violated his right to due process by refusing to dismiss his counsel of record and to appoint another attorney when the attorney-client relationship broke down (Petition at 22–23).

## III. ABUSE OF WRIT

The presentation of these issues for the first time in this second application constitute an abuse of the writ. Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court states:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

■ Johnson, represented by counsel, Sam E. Dunn, filed a previous application for writ of habeas corpus. *Johnson v. McCotter*, 635 F.Supp. at 685. Johnson gives as his excuse for failure to present his claims in the earlier application that his prior habeas counsel was ineffective because he never met with Johnson or interviewed him about his case, and, therefore, did not discover the facts which existed outside the record. Specifically, Johnson alleges that his prior habeas attorney did not determine the "truth" about the facts, that a co-defendant threatened him into confessing and that he was beaten in county jail; that his prior habeas counsel was inexperienced in habeas corpus death penalty procedure and pled his case deficiently; that his prior habeas counsel failed to present jail records, medical records and affidavits supporting his constitutional claims, and failed to arrange a polygraph examination to prove Johnson's innocence. He also implies that his constitutional claims were unavailable until now because the Supreme Court decided "cases" subsequent to resolution of the first writ which would affect his claims. With respect to this latter contention, Johnson does not identify any such "case" or specify the applicability of any recent Supreme Court decision to the facts of his case. Absent such, this excuse is frivolous.

■ Johnson's prior habeas counsel conducted a thorough, diligent and intelligent group of attacks on numerous aspects of the proceedings underlying the stay of execution. *Cf. Johnson v. Cabana*, 818 F.2d 333 (5th Cir.1987). He made numerous attacks on the constitutionality of the Texas capital-sentencing statute and its application to his case. He additionally challenged the use of extraneous offenses at the punishment phase, the exclusion of several veniremen, and the effectiveness of his counsel at trial and punishment. He successfully obtained an initial stay of execution pending resolution of *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), and preserved the *McClesky v. Kemp*, —— U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) issue throughout the entire federal habeas process. The result of counsel's actions with respect to the latter issue was to successfully obtain an eleventh-hour stay of execution from the Fifth Circuit in July 1986 and from the Supreme Court in February of this year. Thus, Johnson's claim that his prior habeas counsel was inexperienced and ineffective in habeas corpus death penalty procedures is directly refuted by the record.

■ Assuming *arguendo* that prior habeas counsel did not discuss with Johnson the circumstances surrounding the offense

and the taking of the confession which Johnson has laid out in this petition, no deficiency has been demonstrated. The claims which Johnson presents in this application are legal issues, the underlying factual basis of which are set forth in the statement of facts of the appellate record. Whether or not Johnson's confession accurately reflects his participation in the crime and the condition of his physical state at the time the confession was given are simply irrelevant to his challenges to the prosecutor's argument, or the refusal to appoint a special prosecutor or trial counsel of Johnson's choice. *See* Petition at 17–22. Therefore, Johnson's claim of ineffective assistance of habeas counsel is insufficient to demonstrate any deficiency on the part of prior habeas counsel and is insufficient to excuse his failure to represent the claims in the prior application.

■ Assuming the applicability of the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to this Court's consideration of the efforts of habeas counsel so as to excuse the presentation of the new issues in a second writ, *Johnson v. Cabana*, 818 F.2d at 333; *Daniels v. Blackburn*, 763 F.2d 705, 710 (5th Cir.1985), Johnson can demonstrate no prejudice. As set forth in Sections IV and V, *infra*, review of *all* of Johnson's challenges to the prosecutor's statements are barred under the procedural default doctrine. As set forth in Section VI, *infra*, not only is review of his claim that a special prosecutor should have been appointed procedurally barred, but the allegations *on their face* are insufficient to state a cognizable claim. As for his final claim that the trial judge abused his discretion in refusing to appoint new counsel, as set forth in Section VII, *infra*, there is no constitutional right to counsel of a defendant's choice and the hearing held on the issue during trial factually resolves any abuse of discretion claim against Johnson. Thus, no prejudice can be shown by counsel's failure to raise the new allegation in the prior habeas application. Johnson's ineffective assistance of habeas counsel excuse fails as a *matter of law*.

■ Johnson has failed to carry his burden of demonstrating a legitimate excuse for his failure to raise his claims in a single petition because he is charged with the knowledge of his competent counsel. Federal habeas review is barred under Rule 9(b). There is no constitutional requirement that competent counsel file every non-frivolous claim on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), *a fortiori*, no such right can exist to excuse piecemeal litigation). *Moore v. Butler*, 819 F.2d 517, 519 (5th Cir.1987); *Berry v. Phelps*, 819 F.2d 511, 514 (5th Cir.1987); *Milton v. Procunier*, 765 F.2d 434, 436 (5th Cir.).

## IV. PROCEDURAL DEFAULT

Johnson argues that the prosecutor commented on his right to remain silent when he asked Detective Conley and Magistrate John Knowles at the guilt phase and during questioning about the voluntariness of the confession whether Johnson demonstrated any remorse for his crime (S.F. X 1670–71; XI 1818–20), and when he argued at punishment that his lack of remorsefulness supported an affirmative finding to the future dangerousness issue (S.F. XII 2085–87, 2090). He further argues that at the guilt stage the state misstated the jury's responsibility by arguing that the jurors should use their common sense in answering the issues and not go "crazy" (S.F. XI 1898), and that he exceeded the bounds of proper argument by making a plea for law enforcement (S.F. XI 1899–90); that at the punishment phase the prosecutor commented on the defense's failure to proffer mitigating evidence of Johnson's reputation (S.F. XI 2083), exceeded the scope of proper argument in arguing that the evidence reflects overwhelming evidence of deliberateness (S.F. XI 2088), and that he made an improper plea for law enforcement (S.F. XI 291–93). At no time did Johnson object to any of the prosecutor's statements.

■ Review of each of Johnson's challenges to the prosecutor's statements are barred under the procedural default doctrine absent a showing of good cause for

the default and actual prejudice resulting. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The record reflects that Johnson did not make *any* objections to any of the questions or statements now challenged, and the state trial court found such failure to bar review of his claim as a matter of state law (*See* June 22, 1987, Findings of Fact No. 2, attached to the state's response as Appendix B). The state court's interpretation of its own procedural requirement is not subject to federal review. *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). Johnson does not allege or demonstrate any good cause or actual prejudice for his default. Accordingly, federal habeas corpus review is barred. *Stokes v. Procunier,* 744 F.2d 475, 480–81 (5th Cir.1984) (applying procedural bar to review of the petitioner's challenge to the prosecutor's comment on his post-arrest silence).

## V. PROSECUTOR'S REMARKS

### A.

■ Johnson states that the prosecutor's statements that Johnson failed to admit his guilt and to show remorse for his crime were comments on his failure to testify at trial. A remark by the prosecutor is not a comment on the defendant's failure to testify unless the jury would naturally and necessarily interpret the prosecutor's remarks in that light. *Brock v. McCotter,* 781 F.2d 1152, 1159 (5th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986). The evidence in this case does not support such a conclusion.

### B.

■ Johnson alleges several instances of the prosecutor's argument that he claims deprived him of a fair trial. Improper prosecutorial arguments and remarks will provide the basis for federal habeas corpus relief only when the statements are "so prejudicial that ... the state court trial was rendered fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment." *Ortega v. McCotter,* 808 F.2d 406, 410 (5th Cir.1987), quoting *Whittington v. Estelle,* 704 F.2d 1418, 1421 (5th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 428, 78 L.Ed.2d 361 (1983); *Willie v. Maggio,* 737 F.2d 1372, 1390 (5th Cir.), *cert. denied,* 469 U.S. 1002, 105 S.Ct. 415, 83 L.Ed.2d 342 (1984). Even if the prosecutor engages in improper argument, relief is available only in the most egregious cases. *Ortega v. McCotter,* 808 F.2d at 410. The petitioner bears the burden of proving that the evidence against him was so unsubstantial that, but for the prosecutor's remarks, no conviction could have occurred. *Felde v. Blackburn,* 795 F.2d 400, 403 (5th Cir.1986). None of the instances cited by Johnson provide a basis for habeas corpus relief.

■ Johnson complains of the prosecutor's characterization of his rights as "silly little technicalities." Considering the context of the closing argument, Johnson has not shown how it was such a "crucial, critical, highly significant factor" that it deprived him of a fundamentally fair trial, *Mattheson v. King,* 751 F.2d 1432, 1446 (5th Cir.1985), *cert. denied sub nom., Mattheson v. Phelps,* — U.S. —, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986), or that it was such an "egregious case" that he is entitled to relief. *Menzies v. Procunier,* 743 F.2d 281, 288–89 (5th Cir.1984).

## VI. SPECIAL PROSECUTOR

■ Next, Johnson alleges a due process violation stemming from the trial court's failure to appoint a special prosecutor when one of the partners of the attorney representing the co-defendant was hired as an assistant district attorney. As the trial court found, Johnson never objected to the state prosecutor on this ground or requested that a special prosecutor be appointed. The trial court specifically found state habeas review of his claim to be barred as a matter of state law. (*See* June 22, 1987, Findings of Fact No. 3). Johnson neither alleges nor demonstrates good

cause and actual prejudice for his default; accordingly, federal habeas review is barred. *Murray v. Carrier, supra; Smith v. Murray, supra; Engle v. Isaac, supra; Wainwright v. Sykes, supra.* Johnson has not demonstrated an *actual* conflict which *adversely* affects the attorney's performance at trial. *United States v. Olivares,* 786 F.2d 659, 664–67 (5th Cir.1986) (on suggestion for rehearing *en banc*); *Nealy v. Cabana,* 782 F.2d 1362 (5th Cir.1986). A component of the required proof is that the counsel with the conflict be actively representing the petitioner. *Bass v. McCotter,* 784 F.2d 658 (5th Cir.1986); *Baty v. Balkcom,* 661 F.2d 391, 397 (5th Cir.1981), *cert. denied,* 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).

## VII. NO ERROR FOR NOT APPOINTING OTHER COUNSEL

Finally, Johnson complains the trial court's denial of his motion to dismiss his court-appointed counsel, Mr. Don Floyd, denied him his due process right to a fair trial. He further asserts that the trial court "turned [Johnson's] lawyer against [Johnson]" by forcing counsel to testify against him, thus causing a conflict of interest to arise and thereby denying Johnson his Sixth Amendment right to counsel.

In the trial court, after hearing from Johnson on many other of his complaints concerning his counsel, the state trial judge stated:

> Let the record reflect that the request by the Defendant to pick his own attorney is denied, that I have personally watched Mr. Floyd and Mr. Morrison in my court and other criminal courts in this county and I feel that they are very competent to represent the Defendant, and from what I have seen so far, have done an excellent job of defending Mr. Johnson, that Mr. Johnson is strictly trying to pick his own attorney and that will not be allowed by this Court. If I felt at any time that Mr. Morrison or Mr. Floyd was not protecting the Defendant's rights, I would remove them from this case. Byron Mayfield was charged with capital

murder and was tried before this Court with this Judge presiding. And I had a chance to watch Mr. Floyd during that trial and was very impressed with his ability. And that also reinforces the fact that Mr. Johnson doesn't even know what his attorney is capable of, by his research that he said he did he did not even find out that his own attorney had already tried a capital murder case and in fact received a mistrial and that the defendant then later received, instead of the death penalty, life in the penitentiary. (S.F. XI 1851–52).

 Johnson's right to be represented by counsel in criminal proceedings does not include a right to court-appointed counsel of one's choice. *Richardson v. Lucas,* 741 F.2d 753, 756 (5th Cir.1984). *Moreno v. Estelle,* 717 F.2d 171 (5th Cir.1983), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984). In this case, no abuse of discretion is shown in the trial court's denial of Johnson's motion. The trial judge, having observed counsel's performance in Johnson's case and an earlier capital trial, was convinced of counsel's competence and that counsel were properly protecting Johnson's rights. In view of Johnson's failure to state any facts in support of his motion, coupled with the record developed at the hearing on Johnson's motion, the court finds that Johnson's right to a fair and impartial trial was protected.

 Johnson's allegation that a conflict of interest arose because counsel "turned against" him by testifying during the hearing on his motion and by the fact that counsel was not expending his best efforts in the defense, as exemplified by the fact that counsel waited until the trial had commenced before presenting the motion to the court. To establish a Sixth Amendment violation arising from a conflict of interest, it must be shown that an actual conflict of interest exists which affects the attorney's performance, not merely a hypothetical or possible conflict. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Ware v. King,* 694 F.2d 89, 92 (5th Cir.1982), *cert. denied,* 461 U.S. 930, 103 S.Ct. 2092, 77 L.Ed.2d 302 (1983).

■ Johnson has made no such showing. His conclusion that counsel "turned" on him and testified against him is not supported by the record. Counsel testified at the insistence of the trial court, and only for the purpose of detailing his experience and the efforts made to investigate and obtain discovery.

## VIII. CONCLUSION

In summary, the convicting trial court made Findings of Fact and Conclusion of Law and recommended that the state habeas corpus relief and request for stay of execution be denied. The Texas Court of Criminal Appeals, by written order at approximately 10:00 a.m. June 23, 1987, adopted the trial court's recommendations and denied Johnson's habeas corpus application and request for stay of execution. This court holds that Johnson's 28 U.S.C. §§ 2251, 2254 Application constitutes an abuse of writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court. In addition, this court has examined all of Johnson's contentions and finds them totally without merit. Accordingly, Johnson's application for writ of habeas corpus and stay of execution are in all things DENIED.

## APPENDIX A

EX PARTE ELLIOT ROD JOHNSON.

No. 15,512–02.

Court of Criminal Appeals of Texas.

MOTION FOR STAY OF EXECUTION AND APPLICATION FOR POST CONVICTION WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.07, V.A.C.C.P.

From JEFFERSON County

Before the court en banc.

ORDER ON PETITIONER'S MOTION FOR STAY OF EXECUTION AND APPLICATION FOR WRIT OF HABEAS CORPUS

PER CURIAM.

On this day came to be considered by the Court of Criminal Appeals the Motion for Stay of Execution presented by the applicant, Elliot Rod Johnson, in which the applicant requests this Court to stay his execution which has been scheduled to be carried out before sunrise on June 24, 1987; and also came on to be considered by the Court of Criminal Appeals the application for post conviction writ of habeas corpus which was filed by applicant in the 252nd Judicial District Court of Jefferson County pursuant to Article 11.07, V.A.C.C.P., and a copy of which application for writ of habeas corpus was presented to this Court along with the application for stay of execution.

The Honorable Leonard J. Giblin, Judge of the said 252nd Judicial District Court, entered an order on June 22, 1987, on the application for writ of habeas corpus filed in the trial court finding no controverted, previously unresolved facts material to this cause, and recommending that all relief be denied.

This Court is of the opinion that said motion for stay of execution should be denied and that all relief requested in said application for writ of habeas corpus, which is returnable to this Court under Article 11.07, V.A.C.C.P., should be denied.

Therefore, it is the order of the Court of Criminal Appeals that said motion for stay of execution be, and it is hereby, in all things denied; and that all relief requested in said application for writ of habeas corpus be, and it is hereby, in all things denied.

IT IS SO ORDERED this 23rd day of June, 1987.

TEAGUE and DUNCAN, JJ., would grant.