**Elliott Rod JOHNSON,
Petitioner-Appellant,**

v.

**James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 87–2677.

United States Court of Appeals,
Fifth Circuit.

June 23, 1987.

Before CLARK, Chief Judge, POLITZ and WILLIAMS, Circuit Judges.

BY THE COURT:

In this pro se, successive, delayed petition, Elliott Rod Johnson asserts four grounds of constitutional error in his trial for capital murder at which Johnson received the death penalty. The chronology of this case is as follows:

| | |
|---|---|
| April 8, 1982 | — Murder of Joe Angel Granado |
| May 13, 1982 | — Johnson indicted |
| May 25–6, 1983 | — Trial |
| Oct. 31, 1984 | — Texas Court of Criminal Appeals affirms, 691 S.W.2d 619 |
| Jan. 30, 1985 | — Rehearing denied |
| March 20, 1985 | — Rehearing denied |
| Oct. 7, 1985 | — Petition for certiorari denied by the U.S. Supreme Court |
| Oct. 30, 1985 | — Execution date set, Dec. 4, 1985 |
| Nov. 27, 1985 | — Application for writ of habeas corpus and stay to Texas trial court |
| Nov. 27, 1985 | — Trial court denies habeas corpus relief |
| Dec. 3, 1985 | — Texas Court of Criminal Appeals denies habeas corpus relief |
| Dec. 3, 1986 | — District Court, Eastern District of Texas, grants stay |
| May 23, 1986 | — District Court, Eastern District of Texas, denies habeas corpus relief and vacates stay |
| June 17, 1986 | — District Court, Eastern District of Texas, denies a certificate of probable cause, 794 F.2d 1011 |
| June 1986 | — Execution date reset for July 23, 1986 |
| June 30, 1986 | — Application for a writ of habeas corpus and stay to Fifth Circuit Court of Appeals |
| July 18, 1986 | — Fifth Circuit Court of Appeals grants stay and certificate of probable cause |
| Nov. 12, 1986 | — Fifth Circuit Court of Appeals affirms denial of habeas relief, 804 F.2d 300 |
| Dec. 2, 1986 | — Fifth Circuit Court of Appeals orders mandate to issue |
| Jan. 8, 1987 | — Execution date reset for Feb. 11, 1987 |
| Feb. 5, 1987 | — Application for stay to the U.S. Supreme Court |
| Feb. 10, 1987 | — Justice White grants stay of execution, —— U.S. ——, 107 S.Ct. 1262, 94 L.Ed.2d 124 |
| May 4, 1987 | — Certiorari denied, stay vacated automatically, —— U.S. ——, 107 S.Ct. 1988, 95 L.2d.2d 827 |
| May 1987 | — Execution date reset for June 24, 1987 |
| June 16, 1987 | — Second petition for a writ of habeas corpus verified |
| June 22, 1987 | — Texas trial court denies habeas corpus relief |
| June 22, 1987 | — Second petition for habeas corpus filed with the United States District Court, Eastern District of Texas |
| June 23, 1987 | — Texas Court of Criminal Appeals denies habeas corpus relief |
| June 23, 1987 | — United States District Court, Eastern District of Texas, denies habeas corpus relief and certificate of probable cause |

Elliott Rod Johnson, pro se.

James Rebholz, New Orleans, La., for petitioner-appellant.

Jim Mattox, Atty. Gen., Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Based upon an opinion dealing with every issue raised by Johnson in this successive petition, the district court denied habeas corpus relief for abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court for failure of Johnson to assert in his prior petition the new grounds now raised. For the reasons stated by the district court, we agree with the denial of certificate of probable cause.

Alternatively, the district court considered each of the four issues sought to be raised by Johnson and found each to be legally, procedurally or factually lacking in merit. We have examined each of them and agree that they are without merit. We would add only the following brief comments. The prosecutor did not characterize Johnson's contentions as "silly little technicalities." The phrase was part of an urging of the jury to vigorously enforce the law. It was used in reference to some other unidentified cases in which criminals were not convicted because of some "silly little technicality involving searches or confessions or whatever." We agree with the district court that Johnson has made no showing that this remark deprived him of a fundamentally fair trial. With regard to the constitutional necessity for the appointment of a special prosecutor, we would add that Johnson's contention is based on the attenuated claim that a partner of a lawyer representing a co-defendant, who was tried separately from Johnson, somehow caused prejudice to Johnson by accepting employment as an assistant district attorney. We agree that Johnson's claim of constitutional error is frivolous. Finally, it could not possibly be constitutionally prejudicial to Johnson for the court to require an attorney to describe to the court his true experience in handling criminal cases to test Johnson's false claim that counsel was so inexperienced he could not furnish adequate representation.

For the reasons stated above, the application of Elliott Rod Johnson for permission to appeal in forma pauperis is GRANTED. The application for a certificate of probable cause is DENIED. The application for a stay of the order of the 252nd Judicial District Court of Jefferson County, Texas, setting the execution of Petitioner Elliott Rod Johnson for June 24, 1987, is DENIED.